UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LARRY A. BLAND,

Plaintiff,

v.

MN DEPT. OF CORRECTIONS,
WARDEN OF OAK PARK,
OFFICER STRUCK, ET AL.,

Defendants

CIVIL NO. 01-66 (DWF/AJB)

**ORDER**

Plaintiff has filed a Complaint seeking relief under 42 U.S.C. § 1983, for alleged violations of his federal constitutional rights. (Docket No. 1.) The matter is presently before the Court on Plaintiff's "Application to Proceed Without Prepayment of Fees" (Docket No. 2), in which Plaintiff seeks leave to proceed in this matter in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915(a).

Plaintiff's IFP application shows that he is employed, but it does not clearly indicate the amount of his current income. Although the application indicates that Plaintiff is making $9 per hour, that information alone does not provide a complete picture of his income. If Plaintiff is working full-time (40 hours per week) at $9 per hour, then his gross monthly income (which would be over $1500) would seem to be enough to allow him to pay the filing fee for this action. On the other hand, if he is working significantly less than full-time, he might qualify for IFP status. The application also fails to indicate whether Plaintiff has any bank accounts or other assets, because the sections of the form that elicit such information, (§§ 4 and 5), are also not properly completed.

FILED JAN 23 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Because Plaintiff has not properly completed his IFP application form, it cannot be determined whether he is truly unable to pay the statutory filing fee and other costs. Plaintiff's IFP application will therefore be denied.

The Court recognizes, however, that Plaintiff may indeed qualify for IFP status, and he will therefore be given an opportunity to submit a new IFP application form. Plaintiff must fill out the new form accurately and completely, and file it with the Court as an "Amended IFP Application." The Court will then determine whether Plaintiff is eligible for IFP status based on the information appearing in the Amended IFP Application form. The Court will also then consider whether Plaintiff's complaint states a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2).[1] In the alternative, of course, Plaintiff may pay the regular $150 filing fee.

If Plaintiff does not pay the regular filing fee or file an Amended IFP Application by February 20, 2001, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's IFP Application (Docket No. 2) is **DENIED WITHOUT PREJUDICE**; and

---

[1] Even if Plaintiff does file an Amended IFP application showing that he is indeed indigent, his current complaint probably will be dismissed because it fails to state an actionable claim. Plaintiff's pleading appears to be defective, because it does not clearly identify the parties who are being sued, and it does not adequately allege what each such party, individually, did or failed to do that purportedly violated Plaintiff's constitutional rights. Plaintiff may want to try to cure those defects by filing an amended complaint before attempting to proceed any further in this action. See Fed. R. Civ. P. 15(a).

2. Plaintiff shall pay the regular $150 filing fee or file an Amended IFP Application, on or before February 20, 2001, failing which it will be recommended that the action be dismissed without prejudice.

Dated: January 23rd, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge