UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

LARRY BLAND,

Plaintiff,

v.

MN. DEPT. OF CORRECTIONS, WARDEN OF OAK PARK, OFFICER STRUCK, et al.,

Defendants.

Civil No. 01-66 (DWF/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's Amended "Application To Proceed Without Prepayment of Fees," (Docket No. 4), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1).[1] The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[2]

[1] Plaintiff's original IFP application, (Docket No. 2), was denied without prejudice, because it did not include sufficient information to establish Plaintiff's financial eligibility for IFP status. (See Order dated January 23, 2001, [Docket No. 3].) Plaintiff was invited to file an Amended IFP Application, and he has now done so.

[2] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d),

FILED MAR 14 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In this case, Plaintiff is a former Minnesota prison inmate who appears to be claiming that he was mistreated while he was incarcerated. The substantive allegations of his complaint, repeated in their entirety, are as follows:

> "I was strapped down to a board with an object under my chest for approx 5 to 6 hours. I had my head busted open being slammed to the floor by officers."

The caption of Plaintiff's complaint indicates that he is seeking relief under 42 U.S.C. § 1983. To state an actionable claim under that statute, however, a claimant must allege facts, which (if proven true) would demonstrate that the named defendants violated the claimant's federal constitutional rights while the defendants were acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In this case, Plaintiff's pleading fails to state an actionable § 1983 claim, because it does not allege any facts linking any specific wrongful conduct to any particular Defendant(s).

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). To state an actionable § 1983 claim, the complaint must allege facts showing each "individual

---

which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

defendant's personal involvement or responsibility" for the alleged violations of the plaintiff's constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (emphasis added). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). In other words, the complaint must set forth specific factual allegations showing what each individual defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

Even with the benefit of liberal construction, (see Atkinson 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's current pleading does not state any actionable claim for relief under § 1983, because it does not describe anything that any individual Defendant(s) did or failed to do that allegedly violated Plaintiff's federal constitutional rights. The complaint is fatally deficient because it does not allege any facts ascribing any specific wrongful conduct to any of the individual named Defendants.[3]

Plaintiff cannot contend that he was unaware of the need to include factual allegations describing the specific wrongful acts or omissions of each named Defendant, because the form he used to prepare his pleading specifically advised him to set forth a

---

[3] Indeed, it is not even clear who Plaintiff is attempting to sue in this action. The caption of the complaint identifies the Defendants as "MN. Dept. of Corrections, Warden of Oak Park, Officer Struck, et al.," but none of those parties is even mentioned anywhere else in the complaint. Plaintiff used a form complaint that specifically directed him to list the full name and "official position" of each defendant that he is attempting to sue, but the line on the form calling for the "Name of Defendant" has been left blank. (Complaint, [Docket No. 1], § III.B.)

summary of the "facts" on which his claims are based, and directed him to "[d]escribe how each individual defendant is personally involved." (Complaint, § IV; emphasis in the original form.) Despite this clear instruction, Plaintiff's "statement of claim" does not include any allegations attributing any specific act or omission to any particular Defendant. His pleading therefore fails to state an actionable claim.[4]

Because Plaintiff's complaint does not include factual allegations that would support any actionable claim against any named Defendant, his Amended IFP application must be denied, and his action must be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Amended "Application to Proceed Without Prepayment of Fees," (Docket No. 4), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: March 14th, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge

---

[4] The Court's prior order in this case specifically advised Plaintiff that his complaint appeared to be defective because it did not attribute specific wrongful acts or omissions to specific Defendants. (See Order dated January 23, 2001, [Docket No. 3], p. 2, fn. 1.) The Court encouraged Plaintiff to file an amended complaint to correct that defect, but he obviously has chosen to disregard that suggestion. If Plaintiff were to decide that he now does want to file a new pleading, he should be required to commence an entirely new action.

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.